MODESTO RIVERA RAMOS, ETC., ET AL., Petitioners, *v.* LUIS NEGRÓN FERNÁNDEZ, ETC., ET AL., Respondents.

No. O-68-211.     Decided August 27, 1968.

*Ángel Roberto Díaz* for petitioners.

### ORDER

Since the action of the Chief Justice on the appeal from the decisions of the General Supervisor of Elections

under the provisions of the special proceeding established in § 13d of the Election Law, 16 L.P.R.A. § 19, is not deemed to be of a judicial nature,[1] and therefore, not reviewable by the courts,[2] in the absence of an express legislative authorization, the foregoing petition is hereby denied.

It was so decreed by the Court as witnesses the signature of the Chief Justice, who like Mr. Justice Ramírez Bages, did not participate.

Mr. Justice Hernández Matos and Mr. Justice Santana Becerra agree in that the petition be "denied," but do not agree with the other statements of the Order of the Court on the grounds which they set forth in a separate opinion. Mr. Justice Pérez Pimentel, Mr. Justice Blanco Lugo, Mr. Justice Rigau, Mr. Justice Dávila, and Mr. Justice Torres Rigual also rendered an explanatory vote.

(s) Luis Negrón Fernández
*Chief Justice*

I attest:

(s) Mercedes L. Somohano
*Acting Clerk*

---

[1] By a unanimous order of February 11, 1966, in the consideration of the Report submitted by the Committee of Study and Evaluation of the Judicial System, this Court adopted the following agreement:

"Due to the fact that the Chief Justice's participation in the review of agreements and decisions of the local election boards and of the Supervisor of Elections (§ 13 of the Election Law, 16 *L.P.R.A.* § 19) *is alien to the judicial function*, the Legislative Assembly is requested to eliminate said participation through necessary legislation."

[2] See the contents of § 13d, incorporated by Act No. 8 of December 4, 1947 (Sp. Sess. Laws, p. 310), which originally conferred this function to the Governor, and § 12 as amended by Act No. 48 of July 31, 1947 (Sp. Sess. Laws, p. 214), *cf.* § 3 of Act No. 1 of December 23, 1966, 16 L.P.R.A. § 846 and see also, § 102 of the Election Law, 16 L.P.R.A. § 293, which makes reference to the intervention of the Supreme Court in cases originated in the electoral process.

—O—

Opinion of MR. JUSTICE HERNÁNDEZ MATOS and MR. JUSTICE SANTANA BECERRA.

San Juan, Puerto Rico, August 27, 1968

Mr. Justice Hernández Matos and Mr. Justice Santana Becerra limit their votes to agreeing to have the petition "denied" but do not subscribe to the conclusion of the majority as to the character of the function of the Chief Justice in cases of this kind for the following reasons: (1) because since the Court has no jurisdiction on the matter, no other pronouncement would be proper except to declare it so; (2) because said conclusion is not necessary to decide the jurisdictional question and it is based on an erroneous premise at law—that the Election Law does not provide for review because a nonjudicial action is involved—since whatever the nature of the function of the Chief Justice the fact remains that the law did not make his decision reviewable; his action is not reviewable at law; (3) because the conclusion and pronouncement on the nature of the function of the Chief Justice, that it is not judicial, is made without hearing the respondents, and departing from the normal constitutional order required by the due process of being heard; (4) also because it departs from the judicial tradition zealously guarded by the Court, of not rendering merely deliberative or academic judgments and pronouncements, or of anticipating a judicial opinion; (5) because even when said anticipated pronouncement lacks effect at law, and does not produce results because there is no jurisdiction on the matter, it can, however, give rise in the community to a state of confusion on this matter of deep public interest, which has long been in debate in the governmental bodies and in the public opinion.

Finally, we wish to explain that the Order of February 11, 1966, mentioned in footnote 1 of this order, is not a case law of the Court, nor does it constitute a judicial judgment deciding a controversy of law with all the necessary elements of judgment. It was a mere expression of a functional character. It is an eloquent fact, however, that on February 11, 1966, and thereafter, the Legislature has met and has legislated on electoral matters, and so far it has not altered the function of the judges nor of the Chief Justice in that matter.

The order of February 11, 1966, is not a judicial precedent. On the contrary, the established judicial precedent, respected by the Legislature for more than 16 years, is the pronouncement of Chief Justice Todd, Jr., rendered on June 23, 1952, in appeal No. 1, brought before him as Chief Justice under the provisions of the same § 13d of the Election Law, a pronouncement which in its pertinent part states the following:

"Before proceeding, I wish to state that I assume jurisdiction to decide this case, under the theory that the appeal established by § 13d, *supra,* before the Chief Justice of the Supreme Court, is of a judicial and not of an administrative nature. If it were considered to be an appeal of an administrative nature, as it was before the Law was amended, when the appeal was established before the Governor of Puerto Rico—see § 12, paragraph 4, Election Law, as amended by Act No. 48 approved on July 31, 1947—the Legislative Assembly lacked the power to impose said function on a judge. *Banco Popular* v. *District Court,* 63 P.R.R. 63, in which, after an elaborate discussion on the separation of powers in our form of government, we said at p. 72: '. . . From the beginning of our history, the principle has been enforced that there is no inherent power in Executive or Legislature to charge the judiciary with administrative functions except when reasonably incidental to the fulfillment of judicial duties. . . .' "

The foregoing pronouncement of the then Chief Justice Todd, Jr., was sanctioned and followed by the present Chief

Justice Negrón Fernández in the proceedings before him in this case, according to his order of July 19, 1968, proceedings in which the very Commonwealth Board of Elections, represented by the Solicitor General, invoked the application of the rules which govern the judicial review of administrative decisions.

—O—

### EXPLANATORY VOTE

San Juan, Puerto Rico, August 27, 1968

After examining the explanatory vote of Mr. Justice Hernández Matos and Mr. Justice Santana Becerra, Mr. Justice Pérez Pimentel, Mr. Justice Blanco Lugo, Mr. Justice Rigau, Mr. Justice Dávila, and Mr. Justice Torres Rigual wish to set forth that, even though the actions of the Chief Justice on appeal from the decisions of the General Supervisor of Elections pursuant to the provisions of § 13d of the Election Law are not *directly* reviewable by the courts, it does not mean that a really interested party is shorn of remedy, and that he is precluded from resorting to the judicial forum, *through the adequate proceedings*, in those cases in which there exists a justiciable controversy originated in or derived from said actions.